IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BETTINA STOUTMIRE-MCGHEE, ) ) Plaintiff, ) ) v. ) ) KILOLO KIJAKAZI, ) Acting Commissioner of ) Social Security, ) ) Defendant. ) | Case No. 2:22-cv-189-CWB |

## MEMORANDUM OPINION AND ORDER

Bettina Stoutmire-McGhee ("Plaintiff"), who is proceeding *pro se*, initiated this case on April 5, 2022 against the Commissioner of the Social Security Administration ("Commissioner") to seek review of a final decision denying her application for Disability Insurance Benefits under Title II of the Social Security Act.  (Doc. 1).[1]  Now before the court is the Commissioner's Motion to Dismiss Without Prejudice.  (Doc. 18).  Upon consideration thereof, the court concludes that the motion is due to be granted.[2]

On July 28, 2022, the court entered a detailed Order setting the pleading and briefing deadlines for the parties.  (Doc. 9).  The Order required that the Commissioner file an Answer and serve Plaintiff a complete copy of the record of the administrative proceedings.  (*Id*. at pp. 1-2).  The Order further required that, within forty days thereafter, Plaintiff file a brief supporting her

---

[1] Plaintiff, who resides in Montgomery, Alabama, originally filed this case in in the Southern District of Alabama.  Finding that the proper venue lay in the Middle District of Alabama, the court for the Southern District of Alabama transferred the case to the Middle District of Alabama on April 20, 2022.  (Docs. 2, 5, 6).

[2] As contemplated by 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, the parties consented to entry of final judgment by a United States Magistrate Judge.  (Docs. 15, 16).

claims and identifying the issues presented for resolution. (*Id*.). The Commissioner filed an Answer to Plaintiff's Complaint and served Plaintiff with a copy of the administrative record on October 27, 2022. (Doc. 17 at ¶ 8). Therefore, Plaintiff's brief was due on December 6, 2022. However, Plaintiff failed to file a brief or seek an extension of time to do so. (*See* Doc. 9 at p. 2: "If a party desires an extension of time within which to respond, the moving party is specifically DIRECTED to file a motion for extension before the date upon which the brief or response is due.").

On May 22, 2023—167 days after service of the Answer—the Commissioner filed a Motion to Dismiss Without Prejudice (Doc. 18) due to Plaintiff's failure to prosecute, *i.e.*, failure to file the required brief. The court then directed Plaintiff to show cause no later than June 13, 2023 as to why dismissal was not warranted. (Doc. 19). Plaintiff was specifically cautioned that a failure to respond would be viewed as an indication that she did not oppose dismissal and that the case would be promptly dismissed. (*Id*.). Nonetheless, Plaintiff has taken no action.

*Pro se* litigants are "subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure. These rules provide for sanctions for misconduct and for failure to comply with court orders." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989); *see also Saint Vil v. Perimeter Mortg. Funding Corp.*, 715 F. App'x 912, 915 (11th Cir. 2017). So too is it settled that courts have inherent authority to impose sanctions for failure to prosecute or obey an order. *Link v. Wabash R. Co.*, 370 U.S. 626, 629-30 (1962). Such authority "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id*. It further empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id*. at 630-31; *Mingo v. Sugar Cane*

*Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (holding that a "district court possesses the inherent power to police its docket").  "The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice." *Mingo*, 864 F.2d at 102.

    Here, the Commissioner has moved to dismiss this case pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.  *See* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.").  Given Plaintiff's willful non-compliance with prior directives, the court concludes that this case indeed should be dismissed without prejudice.  *See Pickett v. Saul*, 2:20-cv-232, 2021 WL 1737583, at *1 (M.D. Ala. May 3, 2021) (dismissing case without prejudice when *pro se* plaintiff had not filed a brief by the deadline set by the scheduling order or sought an extension); *Wieszalski v. Colvin*, No. 3:12-cv-733, 2014 WL 1153737, at *2 (M.D. Ala. Mar. 20, 2014) (dismissing Social Security appeal in a case with a *pro se* plaintiff because, by ignoring previous court orders, "the Court ha[d] no reason to believe that Plaintiff w[ould] ... comply with any further orders th[e] Court may enter imposing any lesser sanction"); *Mabien v. Saul*, No. 19-00053, 2020 WL 1018566, at *2 (S.D. Ala. Feb. 5, 2020), *report and recommendation adopted sub nom. Maiben v. Soc. Sec. Admin.*, No. 1:19-00053, 2020 WL 1015817 (S.D. Ala. Mar. 2, 2020) (dismissing Social Security appeal in a case with a *pro se* plaintiff without prejudice for failure to obey the orders of the court and failure to prosecute).

    Accordingly, for the above stated reasons, it is hereby **ORDERED** that the Commissioner's Motion to Dismiss Without Prejudice (Doc. 18) is **GRANTED** and that this case is **DISMISSED WITHOUT PREJUDICE**.

**DONE** this the 26th day of June 2023.

_____
**CHAD W. BRYAN**
**UNITED STATES MAGISTRATE JUDGE**